This shall be considered an order; settlement thereof is unnecessary.

Roberta SIMS and James Sims, her husband, Plaintiffs,

v.

NORTHWEST AIRLINES, INC., a foreign corporation, Defendant.

No. 67–103–Civ–TC.

United States District Court
S. D. Florida.

May 8, 1967.

Frates, Fay, Floyd & Pearson, Miami, Fla., for plaintiffs.

Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, Fla., for defendant.

## SUMMARY JUDGMENT

CABOT, District Judge.

This cause came on for hearing on defendant's motion for summary judgment. This is a negligence action. The plaintiff Roberta Sims's husband, James Sims, is an employee of National Airlines, and she was riding on a trip pass obtained from Northwest Airlines with her three children.

█ The subject of free passes in interstate transportation is governed by federal law and statements contained in such free passes absolving the carrier from liability for ordinary negligence are valid. Frances v. Southern Pac. Co., 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798 (1948).

The well reasoned case of Braughton v. United Air Lines, Inc., 189 F.Supp. 137 (W.D.Mo.1960), follows the *Frances* case and applies the holding of the earlier case, which involved a railroad, to accidents involving airlines. The Court stated, citing *Frances*, that by the Civil Aeronautics Act, Congress had preempted the field relating to airline passes, and that their effect was determined by federal, to the exclusion of state, law.

█ The *Braughton* case is very similar to the one at Bar and that Court foreclosed the issue in the instant case when it said:

> In the absence of facts establishing gross or wanton negligence on the part of \* \* \* [the airline], there can be no question but that the "Conditions of Contract" under which a \* \* \* pass was issued to Mrs. Braughton exonerate \* \* \* [the airline] from liability for any ordinary negligence claim alleged by plaintiff \* \* \*. (Id. at 141, citing Frances v. Southern Pac. Co., 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798 (1948) and a host of other cases.)

█ The $45 paid by the plaintiff for herself and her family in this case is also analogous to the $6 service charge paid by Mrs. Braughton for herself and $3 for her child, and does not make this pass anything other than a gratuitous one. As such the plaintiff in the instant case was at most a gratuitous licensee and as such the duty owed her by the airline was not to willfully or wantonly injure her and her family while they were occupants of its airplane.

█ Finally, it is the contention of the plaintiffs that this trip pass was not signed by the plaintiff wife. However, in even a stronger case involving a railroad pass, which as heretofore stated governs the liability of airlines, it was stated that:

> The failure of a passenger to sign an agreement on the back of a free railroad pass, which expressly declares that it is given to him "provided he signs the agreement," is immaterial where he accepts and uses the pass. Quimby v. Boston & M. R. Co., 150 Mass. 365, 23 N.E. 205, 5 L.R.A. 846.

Accordingly, the Court concludes that there is no genuine issue as to any material fact. It is, therefore,

Ordered and adjudged that summary final judgment is entered for defendant, Northwest Airlines, Inc., against plaintiffs, Roberta Sims and James Sims, her husband, and the plaintiffs shall go hence without day.