**ILLINOIS CORPORATE TRAVEL, INC. d/b/a McTravel Services, Plaintiff,**

v.

**AMERICAN AIRLINES, INC., IVI Travel, Inc., and Travel Rite, Inc., Defendants.**

No. 85 C 7079.

United States District Court,
N.D. Illinois, E.D.

March 17, 1988.

Malcolm H. Brooks, John P. Ryan, Jr., Steven B. Varick, McBride, Baker & Coles, Chicago, Ill., for plaintiff.

Russell M. Pelton, M. Patricia Chapin, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., Steven C. McCracken, Gibson, Dunn & Crutcher, Newport Beach, Cal., Alan H. Silberman, Jay Conison, Sonnenschein, Carlin, Nath & Rosenthal, Mark L. Yeager, David J. Marx, Jr., McDermott, Will & Emery, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Counts IV, V, and VI of Plaintiff's First Amended Complaint allege that Defendant American Airlines ("defendant") violated Illinois statutory and common law by refusing to allow plaintiff to advertise and sell to the general public tickets at discounted prices for American Airlines' flights, and by terminating the (alleged) contractual relationship between the two parties when plaintiff insisted on doing so. Count IV alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Ill.Rev.Stat. ch. 121½, ¶ 261 et seq. (1985); Count V alleges tortious interference with contractual relations and intentional interference with prospective business relations; Count VI alleges breach of a contractual duty of good faith and fair dealing. Defendant has moved to dismiss these counts on the grounds that they are preempted by the Federal Aviation Act, 49 U.S.C.App. § 1305(a)(1) and, in any case, fail to state claims under Illinois law.

## DISCUSSION

The Federal Aviation Act, § 105(a)(1) provides:

> [N]o state or political subdivision thereof and no interstate agency or other political agency of two or more states shall enact or enforce any law, rule, regulation, standard or other provision having the force and effect of law relating to rates, routes, or services of any air carrier having authority under Title IV of this chapter to provide air transportation.

49 U.S.C. § 1305(a).

■ Courts have unanimously held that, with this provision, Congress intended to preempt all state statutes and common law rules which affect rates or services regarding air travel. *See Anderson v. USAir, Inc.,* 818 F.2d 49 (D.C.Cir.1987); *Hingson v. Pacific Southwest Airlines,* 743 F.2d 1408 (9th Cir.1984) ("Section 1305(a)(1) preemption is not limited to those state law or regulations that *conflict* with federal law."); *Shirley Stone v. American Airlines, Inc.,* No. 86 C 5783 (N.D.Ill. Feb. 18, 1987) [Available on WESTLAW, 1987 WL 6856]. (§ 1305(a)(1) preempts both plaintiff's state law claims and state court jurisdiction); *New York Airlines, Inc. v. Dukes County,* 623 F.Supp. 1435 (D.C.Mass.1985). It did so in order to do away with "uncertainties and conflicts [in air travel], including situations in which carriers have been required to charge different fares for passengers traveling between two cities ..." H.R.Rep. No. 95–1211, 95th Cong., 2d Sess. reprinted in 1978 Code and Adm.News 3737, 3751–52. *See also Wardair Canada, Inc. v. Florida Dept. of Revenue,* 477 U.S. 1, 106 S.Ct. 2369, 2372, 91 L.Ed.2d 1 (1986) ("... Congress has, through the [Federal Aviation] Act, regulated aviation extensively."). Thus, any state law rule of decision which could cause rates for airline tickets in one state to differ from those in other states is preempted. *Cf. Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 1914–15, 85 L.Ed.2d 206 (1985) (federal labor law preempts state contract claim founded on bad-faith because this claim requires analysis of rights and obligations

**380**

arising under the collective bargaining agreement); *McCarty v. McCarty,* 453 U.S. 210, 241–42, 101 S.Ct. 2728, 2745–46, 69 L.Ed.2d 589 (1980) (Rehnquist, J., dissenting) (finding preemption is particularly appropriate where statute, by its terms, expressly states that state laws are preempted).

■ Counts IV, V, and VI, though brought under different Illinois substantive laws, all seek to impose liability on defendant for refusing to allow plaintiff to charge lower rates for airline tickets sold to the general public than are charged by defendant or its other agents. Resolution of any of these counts could potentially cause the rates for airline tickets in Illinois to differ from those available in other states. Accordingly, all three are preempted by federal law.[1]

■ This does not necessarily mean, however, that all three counts must be dismissed. More specifically, Count VI, though apparently intended by plaintiff to arise under Illinois contract law, could survive the instant motion if it stated a claim under the federal common law of contracts. *See Awkright–Boston Manufacturers v. Great Western Airlines,* 767 F.2d 425 (8th Cir.1985) (applying federal common law to determine liability of air agent's carrier); *Pennsylvania Bank v. Eastern Airlines, Inc.,* 731 F.2d 1113 (3d Cir.1984) (applying federal common law to determine enforceability of released value clause).

Unfortunately for plaintiff, this court concludes that Count VI fails to state a claim for breach of an implied duty of good faith and fair dealing under federal common law. Although this court does believe that federal common law imposes a duty of good faith in the performance of all contracts, *see* Restatement (Second) of Contracts, § 205, this duty did not prevent defendant from terminating its (alleged) agreement with plaintiff.

Nothing in the nature of the relationship between the two parties suggests that they reasonably expected defendant to allow plaintiff to sell airline tickets at prices below that generally charged for these tickets. *See Allis–Chalmers Corp. v. Lueck,* 105 S.Ct. 1904 at 1914–15; *Farnsworth on Contracts* § 7.17 at 526–27 (1982). Nor does plaintiff allege that defendant, in terminating its agency relationship with plaintiff, prevented plaintiff from receiving the fruits of its labors during the relationship. *See P.S. & E. Inc. v. Selastomer Detroit, Inc.,* 470 F.2d 125 (7th Cir.1972) (even in agency relationship terminable at will, there is a duty of good faith that permits agent to recoup moneys laid out and time and labor spent in furtherance of plan to develop new product for principal); *Prudential Insurance Co. of America v. Crouch,* 606 F.Supp. 464 (D.C.Ind.1985) ("Pursuant to the implied covenant of good faith and fair dealing ..., [plaintiff] and [defendant] are precluded from destroying each other's rights to premiums and commissions received or earned during the employment relationship."). Thus, plaintiff has failed to allege a breach of the duty of good faith by defendant.

### CONCLUSION

Accordingly, defendant American Airlines' motion to dismiss counts IV, V, and VI of the First Amended Complaint is granted. Counts IV and V are dismissed with prejudice; Count VI is dismissed without prejudice.

---

1. By this ruling, this court does not mean that state laws can never govern contract disputes between an airlines and its sales agents. Were Count VI grounded on an express contractual provision—i.e., that plaintiff could sell discounted tickets to the public—it might well be that plaintiff could bring an action under state law for defendant's breach of this provision. For in that case, it would not be state law that was affecting the price of the tickets, but rather the agreement of the parties. *Cf. Farmer v. United*

*Brotherhood of Carpenters & Joiners,* 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977). However, where the action is grounded on an (alleged) implied duty of good faith and fair dealing, the determination of which requires an intertwined examination of both the expectations of the parties as well as state-imposed duties, *see Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904 at 1914 n. 11, 85 L.Ed.2d 206; *Farnsworth on Contracts* § 7.17 at 526–27 (1982), the claim is preempted by federal law.