ARTHUR JOHNSON, Indiv. and on Behalf of All Persons Similarly Situated, Plaintiff-Appellant, v. AMERICAN AIRLINES, INC., Defendant-Appellee.—BERNARD BASKIN *et al.*, Indiv. and on Behalf of All Persons Similarly Situated, Plaintiffs-Appellants, v. UNITED AIRLINES, INC., Defendant-Appellee.

First District (5th Division)   Nos. 1—93—1156, 1—93—1214 cons.

Opinion filed March 15, 1996.

Alvin W. Block & Associates, of Chicago (Jerome E. Boyle and Edward A. Cohen, of counsel), for appellants.

McDermott, Will & Emery, of Chicago (Wilber H. Boies, P.C., Steven F. Pflaum, and Christine M. Drylie, of counsel), for appellees.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Arthur Johnson brought a class action breach of contract action against defendant American Airlines, Inc. (American), and plaintiffs Bernard Baskin and Marilyn Baskin brought a class action breach of contract action against defendant United Airlines, Inc. (United). In both actions, plaintiffs alleged that they were told by the airlines that if they cancelled their tickets, they would be assessed a penalty comprised of 25% of the fare, yet when they did cancel, they were penalized 25% of the total ticket price, which included federal transportation tax. The trial court in Johnson's case granted summary judgment in American's favor, and the trial court in the Baskins' case granted United's motion to dismiss, on the basis that the actions related to rates, routes and services and were thus preempted under section 1305(a)(1) of the Airline Deregulation Act (ADA). 49 U.S.C. app. § 1305(a)(1) (1988). The cases were consolidated on appeal. This court affirmed the trial court orders as to both cases. *Johnson v. American Airlines, Inc.*, 261 Ill. App. 3d 622, 633 N.E.2d 978 (1994). The plaintiffs filed petitions for rehearing, which we denied. The plaintiffs also filed petitions for leave to appeal to the Illinois Supreme Court, but these petitions too were denied. The plaintiffs then filed petitions for *certiorari* with the United States Supreme Court. The United States Supreme Court granted plaintiffs' petitions for *certiorari*, vacated the judgment of this court and remanded this case for further consideration in light of the Supreme Court's recent decision in *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 130 L. Ed. 2d 715, 115 S. Ct. 817 (1995). *Johnson v. American Airlines, Inc.*, 513 U.S. 1186, 131 L. Ed. 2d 129, 115 S. Ct. 1247 (1995).

In the prior appeal of this case, we relied primarily on *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 119 L. Ed. 2d 157, 112 S. Ct. 2031 (1995). The Supreme Court in *Morales* considered the language of section 1305(a)(1) of the ADA, which states:

> "[N]o state or political subdivision thereof *** shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier ***." 49 U.S.C. § 1305(a)(1) (1988).

The *Morales* court found that the term "relating to" was broad in scope and that state regulation of allegedly deceptive airline fare advertisements related to rates and was therefore preempted by section 1305(a)(1).

Applying the *Morales* analysis, we concluded that plaintiffs' claims regarding the refunds on airlines' tickets were closely connected to rates and were therefore preempted under section

1305(a)(1). We noted in our decision that the Illinois Supreme Court in *Wolens v. American Airlines, Inc.*, 157 Ill. 2d 466, 626 N.E.2d 205 (1995), had considered whether a suit alleging breach of contract and violation of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 1992)), based on American's retroactive modification of its frequent flyer program, was preempted by section 1305(a)(1). *Johnson*, 261 Ill. App. 3d at 622. The Illinois Supreme Court in *Wolens* found that plaintiffs' suit was not preempted because it did not relate to rates, routes and services since a frequent flyer program is not essential to the operation of the airline. We noted that the United States Supreme Court had granted *certiorari* of *Wolens*, but that its decision would have no effect on the instant case since the issue here is more closely related to rates. *Johnson*, 261 Ill. App. 3d at 625.

However, the United States Supreme Court in *Wolens* applied a different test than it had set forth in *Morales* for determining whether a claim is preempted. In its majority opinion, the United States Supreme Court in *Wolens* acknowledged that, under *Morales* and the clear language of section 1305(a)(1), plaintiffs' claims related to rates. *Wolens*, 513 U.S. at 226, 130 L. Ed. 2d at 724, 115 S. Ct. at 823. The majority, however, found that whether the claim related to rates, routes and services was only one step in determining whether a claim is preempted and shifted its focus to a portion of section 1305(a)(1) not addressed in *Morales*. The majority focused on section 1305(a)(1)'s language that states "no state shall enact or enforce any law" (49 U.S.C. § 1305(a)(1) (1988)), and held that, to be preempted under section 1305(a)(1), an action must involve "enactment or enforcement" of state law.

In interpreting this language of section 1305(a)(1), the Supreme Court held that the "ADA's preemption prescription bars state-imposed regulation of air carriers, but allows room for court enforcement of contract terms set by the parties themselves." *Wolens*, 513 U.S. at 222, 130 L. Ed. 2d at 721, 115 S. Ct. at 820. The Court thus concluded that plaintiffs' claim based on the Consumer Fraud Act was preempted, since:

> "[T]he Illinois Consumer Fraud Act serves as a means to guide and police the marketing practices of the airlines; the Act does not simply give effect to bargains offered by the airlines and accepted by airline customers. In light of the full text of the preemption clause, and of the ADA's purpose to leave largely to the airlines themselves, and not at all to States, the selection and design of marketing mechanisms appropriate to the furnishing of air transportation services, we conclude that § 1305(a)(1) preempts

plaintiffs' claims under the Illinois Consumer Fraud Act." *Wolens*, 513 U.S. at 228, 130 L. Ed. 2d at 725, 115 S. Ct. at 823.

The Supreme Court reached a different result on the issue of whether plaintiffs' breach of contract claims were preempted. The Court found that the ADA was not intended to "shelter airlines from suits alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." *Wolens*, 513 U.S. at 228, 130 L. Ed. 2d at 725-26, 115 S. Ct. at 824. The majority found that the terms and conditions airlines offer and passengers accept are privately ordered obligations and therefore do not amount to a state's enactment or enforcement of any law, rule or regulation having the force and effect of law within the meaning of section 1305(a)(1). The majority explained that "[t]his distinction between what the State dictates and what the airline itself undertakes confines courts, in breach-of-contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." *Wolens*, 513 U.S. at 233, 130 L. Ed. 2d at 728, 115 S. Ct. at 826.

We must therefore now determine whether this case involves an effort to hold the airlines to their self-imposed contract terms offered by them and accepted by the plaintiffs or whether it amounts to "enactment or enforcement" of a state law. If the obligation allegedly breached is solely a self-imposed undertaking that the airline itself undertook to perform, a breach of that undertaking is not preempted. But, if the source of the obligation that has allegedly been breached is a state law or policy, external to the airline's own self-imposed undertaking, a breach of that obligation is preempted.

Plaintiffs claim that the airlines set the rate for their refund penalties at 25% of the fare. Plaintiffs accepted that rate, and a contract was formed. Plaintiffs claim that when they cancelled their tickets and the airlines charged 25% of the total ticket price, including the federal tax, the airlines breached their contract with plaintiffs. We agree with plaintiffs that their breach of contract claims do not involve the enforcement of a state law, but rather, an agreement between the airlines and plaintiffs. It is clear that the airlines individually made their rate determinations without any interference or involvement from the state. See *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423 (7th Cir. 1996) (plaintiff's claim that defendant breached its agreement to honor confirmed reservations of plaintiff's clients was not preempted since it did not allege a violation of state-imposed obligations, but rather that the airline breached its own self-imposed undertaking). We therefore conclude that plaintiffs' common law breach of contract actions are not preempted.

While plaintiffs' complaints alleged breach of fiduciary duty and liquidated damages claims, in addition to common law breach of contract claims, plaintiffs concede that only the breach of contract claims are not preempted under *Wolens.* Plaintiffs therefore seek leave to amend their complaints in order to make their surviving claims conform with the *Wolens* decision. Defendants claim that plaintiffs waived their right to amend their complaints because they never asked for leave to amend in the trial court. Due to the unique posture of this case, where plaintiffs could not have anticipated the United States Supreme Court's ruling in *Wolens,* we exercise our power under Supreme Court Rule 366 (134 Ill. 2d R. 366) and grant plaintiffs leave to amend their complaints in order to replead common law breach of contract counts that conform with *Wolens.* See *Stamp v. Touche Ross & Co.* (1993), 263 Ill. App. 3d 1010, 636 N.E.2d 616. We therefore reverse the trial courts' decisions and remand for the trial courts to make a determination as to whether plaintiffs have alleged viable common law breach of contracts claims in their amended complaints.

Reversed and remanded.

GORDON and COUSINS, JJ., concur.