Daniel W. OSBAND; Nancy H. Abbott; Ronald V. Abruzzo; Darryl K. Allen; Kim M. Alt; Dolores J. Arbuthnot; Charles W. Beamer; Jeffrey C. Benson; Darrel C. Bryant; Catherine F. Buhler; Lynn Butler; Christine Opiol Caffey; Richard C. Caldwell; Karen Chavez; Angela H. Chiu; Carmen Chong; Christa Ciancio; David A. Clouse; David B. Coover; James O. Cox, III; Scott De-Mattio; Thomas Dembeck; Philip G. Derkum; Robert J. Dethlefs; R. James Ditter; DeWayne D. Drummond; William B. Duran; F. Vicki Eichorn; R.E. Ellison; Douglas P. Eulberg; Joseph J. Ficek, Jr.; Abraham Harold Fields; Carol T. Frakes; Diana P. Fulford; George R. Gerlach; Jeffrey D. Halbert; Allen G. Henderson; Charles F. Herman, Jr.; Edwin K. Hiraoka; Mary Lou Hoffman; Roy A. Hoffman; Allen Ray Houston; Brian A. Hudzik; Robert J. Huenerfauth; Mario J. Ivanoff; Carter D. Johnson; Gene M. Keim; Robert J. Kennedy; Allen D. Kissane, Jr.; Herman J. Klatt; Frank A. Kummer; Charlene J. Larsen; Larry F. Lau; Stephen E. Lents; Jerry R. Looney; Samuel J. Maes; Edward A. Mathias; Bruce A. Miller; Carmen L. Miller f/k/a O'Malley; Edward F. Mock; Benjamin Ronald Monk; Jann S. Morris–Law; D.L. Moseman; Raymond S. Mrazek; Judi Newman; Richard A. O'Malley; Roger R. Ortega; Jeanne N. Otsuki; Don Overton; Steven Pastor; Lynette S. Pedersen; A. James Petersen; Frederick G. Petre; Norman L. Phillips; Darrell D. Richardson; Les Roudebush; Steven D. Schoenstein; William J. Seguin; Yoshiko Seino; Floyd E. Smithberg, Jr.; George A. Sobczak; James D. Speckmann; Becky Spencer; Jerome V. Spetoskey; Helen L. Standish; Robert W. Standish; Judith A. Stewart; Barbara J. Stoelb; Daniel P. Szymanski; Ralph E. Thompson; Anthony Lee Williams; Arthur C. Wilson; Donna L. Wolf; C.R. Woods; R. Wayne Works; Janet M. Wright; Sandra J. Wright–Ortega; Flora L. Yee; and Alice H. Zwiller, Plaintiffs–Appellants,

v.

UNITED AIRLINES, INC.; Apollo Travel Services Partnership; Galileo International Partnership; and Covia Corporation, Defendants–Appellees.

No. 97CA0721.

Colorado Court of Appeals, Div. III.

Sept. 17, 1998.

Rehearing Denied Oct. 22, 1998.

Certiorari Denied July 26, 1999.*

* Justice SCOTT does not participate.

618

Gorsuch Kirgis LLP, David B. Seserman, Dean C. Hiezer, Morgan Word, Denver, Colorado, for Plaintiffs–Appellants.

Brownstein Hyatt Farber & Strickland, P.C., Terence C. Gill, Beth D. Quinn, Denver, Colorado, for Defendant–Appellee United Airlines, Inc.

Freeborn & Peters, Darwin J. Poyfair, Judith K. Reichert, Denver, Colorado, for Defendant–Appellee Apollo Travel Services Partnership.

Baker & Hostetler LLP, Cassandra G. Sasso, L. Andrew Cooper, Richard S. Mandelson, Denver, Colorado, for Defendant–Appellee Galileo International Partnership.

Brownstein Hyatt Farber & Strickland, P.C., Terence C. Gill, Beth D. Quinn, Denver, Colorado, for Defendant–Appellee Covia Corporation.

Opinion by Judge DAVIDSON.

In this action seeking to restore employer-provided travel benefits, plaintiffs appeal from the trial court's dismissal of their claims for lack of subject matter jurisdiction and failure to state a claim for which relief may be granted. We affirm in part, reverse in part, and remand for further proceedings.

According to their complaint, plaintiffs were or are employees of defendants, United Airlines, Inc. (United), Apollo Travel Services Partnership, Galileo International Partnership, and Covia Corporation. Plaintiffs initially were hired by United and received free and reduced-fare travel benefits during their employment. They also received these benefits after retirement. The travel benefits and the procedures for obtaining such were described in an employee handbook and other documents distributed by United.

In September 1993, United transferred certain of its assets and employees to the other defendants. Plaintiffs allege that United expressly made repeated promises of fairness and equitable treatment concerning the travel benefits to all employees regardless of their place of employment. However, in 1994, defendants made substantial changes in their employee travel benefits programs.

Plaintiffs filed suit seeking to restore the travel benefits as originally offered, and asserting claims for breach of contract, breach of an express duty of good faith and fair dealing, and promissory estoppel. Defendants moved to dismiss plaintiffs' complaint, arguing that the trial court lacked subject matter jurisdiction because 49 U.S.C. §41713(b)(1) (1994), the Federal Aviation Administration Authorization Act (FAAAA), preempted their claims. Defendants further

argued that plaintiffs' complaint failed to state a claim for which relief may be granted because employee travel passes are governed by federal law which characterizes such passes as gratuities, and as such, the right to receive passes is not enforceable. The trial court granted defendants' motion and dismissed plaintiffs' complaint on both grounds.

On appeal, the primary question presented for review is whether plaintiffs' claims are preempted by federal law. We conclude that the FAAAA expressly preempts plaintiffs' claim based on promissory estoppel. We further conclude that plaintiffs' claims for breach of contract and breach of an express duty of good faith and fair dealing are not preempted by the FAAAA or federal common law.

## I.

## A.

■ If federal law preempts state law, the state trial court lacks subject matter jurisdiction to hear a claim. *See City of Grand Junction v. Ute Water Conservancy District,* 900 P.2d 81 (Colo.1995). For the purposes of preemption analysis, we will assume, without deciding, that plaintiffs' complaint states claims based upon the existence of a contract.

■ State law is preempted by federal law if Congress expressly states an intent to preempt state law, or if congressional intent to preempt may be inferred from the existence of a pervasive regulatory scheme, or if state law conflicts with federal law. *Freightliner Corp. v. Myrick,* 514 U.S. 280, 115 S.Ct. 1483, 131 L.Ed.2d 385 (1995). Thus, if a federal statute, rule, or regulation explicitly preempts a field or if federal common law pervasively regulates a field or conflicts with state law, a claim for relief based on state law cannot be maintained.

■ Furthermore, if a statute, rule, or regulation does not explicitly preempt a field, federal common law still may preempt state law if the federal common law fills or interprets an area not addressed by the regulation. *See Resolution Trust Corp. v. Gregor,* 872 F.Supp. 1140 (E.D.N.Y.1994); *Ameri-*

*First Bank v. Bomar,* 757 F.Supp. 1365 (S.D.Fla.1991) (declining to create federal common law where state law is sufficient to resolve claims).

■ The usual source of authority for federal common law rules governing a suit between private parties is the Constitution or a federal statute. In the absence of an explicit reference to a federal statute or the Constitution, there also exists a body of federal common law developed as necessary to protect "a unique federal interest." Federal common law is meant to supplement or replace state common law only if there is a significant conflict between state law and the federal interest to be protected by the federal common law. *Musson Theatrical, Inc. v. Federal Express Corp.,* 89 F.3d 1244, 1249 (6th Cir.1996).

Under 49 U.S.C. §41713(b)(1) (1994) of the FAAAA, "a state ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier...."

■ In determining whether a claim is preempted by the FAAAA, courts employ a two-prong analysis: (1) whether the subject of the claim has a connection with or reference to airline rates, routes, or services and, if so, (2) whether the subject of the claim involves the enforcement by the state of a law, regulation, or other provision having the force and effect of law. If both questions are answered in the affirmative, then the FAAAA preempts the claim. *See American Airlines, Inc. v. Wolens,* 513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995).

In enacting the FAAAA, Congress intended to occupy the field of economic regulation of airlines, but it did not intend to alter those remedies existing under the common law in other fields pertaining to airlines. In fact, the FAAAA contains an express savings clause providing that:

> Nothing in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies.

49 U.S.C. §40120(c) (1994); *see also* Implementation of Preemption Provisions of the

Airline Deregulation Act of 1978(ADA), 44 Fed.Reg. 9948 (1979) (expressing clear intent of Congress in enacting the ADA (now the FAAAA)); Chang, *Preemption of State Law Claims Against Airlines in the Ninth Circuit: "Operation & Maintenance" or "Negligent Rendition of Service?"*, 63 J. Air L. & Com. 3 (1997) (discussing scope of ADA preemption in state law negligence claims against airlines).

■ However, the existence of a savings clause does not, of itself, allow the creation of federal common law in the absence of congressional intent to fashion such remedy. Indeed, if a federal statute exists but does not explicitly provide for the existence of a remedy under federal common law, then existing state law claims may not be preempted. *See Sanderson, Thompson, Ratledge & Zimny v. AWACS, Inc.*, 958 F.Supp. 947 (D.Del.1997) (savings clause does not alter remedies available at state law in absence of express language).

Thus, we test plaintiffs' claims against the language of the FAAAA and existing federal and state law in order to determine whether the trial court had subject matter jurisdiction over such claims.

### B.

Plaintiffs do not dispute that their claims relate to rates, routes, or services of an air carrier. They argue, nevertheless, that, because they assert claims based on breach of contract, their claims do not fall within the second prong of the *Wolens* analysis and, therefore, are not preempted. We agree in part.

■ Because Congress did not intend to channel into federal courts the resolution of contract claims for which a remedy exists under state law, the FAAAA does not preempt state enforcement of a routine breach of contract claim because a state does not enact or enforce a law simply by enforcing privately ordered obligations. A remedy confined to a contract's terms simply holds parties to their agreements. *American Airlines, Inc. v. Wolens, supra*; *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423 (7th Cir.1996) (terms and obligations of a contract are self-imposed and thus not subject to preemption).

■ Although the FAAAA does not preempt relief to a party in a breach of contract action who claims and proves that an airline dishonored a term to which it stipulated, a court is confined to enforcing the parties' bargain with no enlargement or enhancement based on state laws or policies external to the agreement. As a result, some state law principles of contract law may be preempted by the FAAAA to the extent they seek to effectuate or implement state public policies, rather than the intent of the parties. *See American Airlines, Inc. v. Wolens, supra*; *Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc.*, 972 F.Supp. 665 (N.D.Ga.1997) (state law tort claims based on a party's obligations pursuant to a contract are preempted).

Thus, the determination whether plaintiffs' claims are preempted is based on the source of the obligation allegedly owed to them by defendants. If plaintiffs seek to hold defendants to a voluntary, self-imposed undertaking, that is, the contract terms alleged to have been offered by defendants and accepted by plaintiffs, then a claim for a breach of such obligation is not preempted. However, if the source of the obligation allegedly breached by defendants arises from a state law or policy, then a claim based on a breach of that obligation is preempted. *See Johnson v. American Airlines, Inc.*, 278 Ill. App.3d 624, 215 Ill.Dec. 304, 663 N.E.2d 54 (1996) (breach of contract claim not preempted, but breach of fiduciary duty claim is preempted).

Here, plaintiffs assert that their complaint sets forth claims for breach of contract, express breach of duty of good faith and fair dealing, and promissory estoppel, all of which are self-imposed obligations voluntarily assumed by defendants and, therefore, are not preempted by the FAAAA. We agree in part.

First, we conclude that, to the extent that plaintiffs seek to enforce a breach of contract or an express provision of that contract, the FAAAA will not preempt such claim.

Further, the FAAAA does not establish a regulatory scheme to resolve breach of contract claims. Nor does the language of the FAAAA indicate an intent by Congress to establish a federal mechanism to hear such claims. *See American Airlines, Inc. v. Wolens, supra* (Congress did not intend to channel all civil actions into federal courts); *Musson Theatrical, Inc. v. Federal Express Corp., supra* (ADA leaves no room for federal common law cause of action pertaining to routine breach of contract claims); *Chukwu v. Board of Directors,* 880 F.Supp. 891 (D.Mass.1995) (conclusion that the FAAAA permits state law based determination of routine breach of contract claims is implicit in FAAAA's savings clause). Thus, we also conclude that neither the FAAAA nor federal common law preempts a state court from enforcing plaintiffs' breach of contract claims.

However, the FAAAA does preempt claims that do not arise by agreement of the parties involved but are enforced by the state to further public policy. Therefore, a claim that may be enforced as an equitable remedy created by state law to prevent injustice and provide relief to a party who, otherwise, may be denied relief will be preempted. As discussed more fully below, plaintiffs' promissory estoppel claim is of this type, and thus, it is preempted by the FAAAA.

### 1.

In their claim for breach of contract, plaintiffs' complaint alleges that defendants extended an offer of employment to them that expressly included travel benefits and that plaintiffs accepted that offer by beginning and continuing their employment. Further, the complaint alleges that defendants, in stating that they would treat plaintiffs "fairly" and that the relationship between the parties was one of "mutual reliance," expressly obligated themselves to act accordingly and that their changes and reductions in the travel benefits breached an express covenant of good faith and fair dealing. Therefore, plaintiffs assert, the conduct of defendants in making this offer and plaintiffs' acceptance of such offer created a contract implied in fact, which, like an express contract, is not preempted by the FAAAA. We agree.

A contract implied in fact is not created by express written or oral agreement of the parties but is inferred from their acts or conduct giving rise to the existence of an enforceable contract. And, a contract implied in law is one imposed upon a party because the circumstances between the parties are such as to render such imposition just. *Black's Law Dictionary* 395 (rev. 4th ed.1968).

Thus, by definition, a contract implied in law is based on equitable policies and, therefore, will be preempted by the FAAAA. *See Valley Realty & Investment Co. v. McMillan,* 160 Colo. 109, 414 P.2d 486 (1966) (obligation under contract implied in law arises not from agreement of parties but instead is based on equitable principles).

In contrast, a contract implied in fact is based on the conduct of the parties to the agreement and it is the conduct itself which establishes the agreement. There is little fundamental difference between an express contract and a contract implied in fact. An express contract is evidenced by the parties' written or oral words. A contract implied in fact arises from the parties' conduct which evidences a mutual intention to enter into a contract. In both cases, a contract is created by the meeting of the minds to contract with each other. *See Tuttle v. ANR Freight System, Inc.,* 797 P.2d 825 (Colo.App. 1990). Hence, because there is no difference in legal effect between an express contract and a contract implied in fact, a claim based on a contract implied in fact, like one based on a breach of an express contract, will not be preempted by the FAAAA.

Defendants argue, however, that, plaintiffs' claims, like those of the plaintiffs in *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo.1987), arise from their reliance on statements made in United's employee handbook. Because the supreme court's decision in *Continental Air Lines* was based on state public policy concerns, they assert, plaintiffs' claims are preempted. The trial court, agreeing with defendants, determined that such "implied contract" is one imposed by

state law to provide equitable relief and dismissed plaintiffs' complaint. We disagree.

As applicable here, the underlying policy concerns expressed in the *Continental Air Lines* decision relating to at-will employment are irrelevant. What is relevant, however, is the supreme court's determination that, regardless whether a plaintiff's employment was at-will, if a contractual term exists pertaining to employment procedures and arising from circumstances occurring in the course of employment, then such term will be enforced under general contract principles.

Here, contrary to defendants' assertion, plaintiffs' claims of breach of contract do not request the trial court to impose an obligation on defendants for equitable reasons. Nor do they seek to establish the existence of a specific obligation arising from the employment situation that may be contractually enforced. Instead, if we accept as true the facts of plaintiffs' complaint, *see Schlitters v. State*, 787 P.2d 656 (Colo.App.1989), then the complaint alleges the formation of a contract implied in fact, including a provision for travel benefits, created by the conduct of the parties and a breach of such contract by defendants.

Because a claim based on a contract implied in fact is not preempted by the FAAAA, on remand, the trial court must determine if, indeed, plaintiffs' complaint alleges conduct which manifested a mutual intent to enter into a contract sufficient to assert a claim that a contract implied in fact existed. If so, the trial court has subject matter jurisdiction over that claim.

2.

■ Plaintiffs also argue that the trial court erred in dismissing their claim that defendants breached an express duty of good faith and fair dealing. Again, we agree.

■ A claim alleging a breach of an implied duty of good faith and fair dealing, the ultimate determination of which requires an examination of the parties' expectations and state-imposed duties, is preempted by the FAAAA. *Illinois Corporate Travel, Inc. v. American Airlines, Inc.*, 682 F.Supp. 378 (N.D.Ill.1988), *aff'd*, 889 F.2d 751 (7th Cir.

1989); *Blackner v. Continental Airlines, Inc.*, 311 N.J.Super. 10, 709 A.2d 258 (1998) (claim for breach of covenant of good faith and fair dealing is preempted by FAAAA). However, here, plaintiffs do not assert an implied duty. Rather, they allege that defendants, through United's employee handbook and other documents, made an express promise to treat plaintiffs "fairly."

As discussed, a claim seeking to enforce a self-imposed private obligation between parties is not preempted by the FAAAA or federal common law. Thus, to the extent plaintiffs' complaint alleges a claim based on an express condition of an existing contract, we conclude that such claim also is not preempted by the FAAAA.

Again, on remand, it will be necessary for the trial court to decide, as a threshold matter, if plaintiffs' complaint sufficiently alleges the existence of an express covenant of good faith and fair dealing between plaintiffs and defendants. *See Decker v. Browning–Ferris Industries of Colorado, Inc.*, 931 P.2d 436 (Colo.1997) (breach of express covenant of good faith and fair dealing is breach of an obligation created by contract); *West v. Northwest Airlines, Inc.*, 995 F.2d 148 (9th Cir.1993) (plaintiff's claim based on covenant of good faith and fair dealing not preempted).

3.

■ However, we disagree with plaintiffs that their claim based on promissory estoppel also seeks to enforce a self-imposed obligation of defendants.

■ Under the FAAAA, contracts may be enforced according to state law with no enlargement or enhancement by state law or policy external to the agreement. *See American Airlines, Inc. v. Wolens, supra.*

Promissory estoppel, however, is a common law equitable rule enforced by the state to prevent the lack of a written contract from defeating a plaintiff's claim. *See Nelson v. Elway*, 908 P.2d 102 (Colo.1995).

Although promises made by one party may be enforced against that party in the absence of a contract, such obligations are not entered into voluntarily nor are they self-im-

posed if they are enforced against that party by a trial court to further public policy and provide equitable relief. *See Kiely v. St. Germain,* 670 P.2d 764 (Colo.1983) (promissory estoppel is extension of basic contract principle that one who makes a promise is required to keep it).

Thus, because promissory estoppel is an equitable principle, not dependent on the existence of a contract under state law, plaintiffs' claim based on promissory estoppel necessarily is an extra-contractual enhancement of an agreement and, therefore, is preempted by the FAAAA. *See Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc., supra* (extra-contractual enhancements preempted); *cf. Chrissafis v. Continental Airlines, Inc.,* 940 F.Supp. 1292 (N.D.Ill. 1996) (tort claims preempted because standards for such claims are defined by state law to further public policy).

## II.

 Defendants contend that, even if plaintiffs' breach of contract claims are not preempted by the FAAAA, because free travel passes are considered gratuities under federal law, and because a gratuity cannot form the basis of a contract, a promise to provide such benefit is unenforceable. We disagree.

Congress enacted the Civil Aeronautics Act (CAA), 49 U.S.C. §401 et seq. (1938), to insure, *inter alia,* uniform, equal treatment in the pricing of travel fares. To achieve this goal, the CAA, in part, prohibited airlines from issuing free passes to any persons other than those enumerated under the Act. *See* 49 U.S.C. §483(b) (1938). By so doing, Congress implicitly preempted the field relating to free airline passes because the CAA and the regulations thereunder exclusively controlled to whom a free travel pass could be issued. *Sims v. Northwest Airlines, Inc.,* 269 F.Supp. 272 (S.D.Fla.1967).

The enactment of the ADA, 49 U.S.C. §1305(a)(1) (1978) (now the FAAAA), deregulated the airline industry relating to domestic travel in order to promote efficient, low-cost, interstate air transportation by permitting market forces to dictate rates, routes, and services. Because airlines were allowed to set their own air fares, the prohibition against free passes was unnecessary and, therefore, was removed for domestic travel. However, free travel passes for international travel remained regulated by federal statute enumerating those persons to whom such passes may be granted. 14 C.F.R. §223.22 (1998); *see* Petkoff, *Recent Developments in Aviation Law,* 63 J. Air L. & Com. 67 (1997) (tracing history of deregulation).

Thus, even after deregulation, federal law continued to control certain aspects of air travel, including the legal effect of free travel passes, to fill in the areas not regulated by the ADA or FAAAA. *See Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992); *Morris v. Northwest Airlines, Inc.,* 737 F.Supp. 422 (E.D.Mich.1989) (federal common law pertaining to free travel passes survives deregulation).

Defendants assert that, because federal common law has characterized these free passes as gratuities, and because such law controls the legal effect of free travel passes, plaintiffs' claim to have these passes provided to them is unenforceable. Plaintiffs argue, to the contrary, that, because the travel benefits they seek are part of their employment contracts, they are not gratuities. Therefore, they argue, the promise to provide these benefits is enforceable. We agree with plaintiffs.

Simply stated, the rationale underlying the characterization of employer-provided travel passes as gratuitous under numerous federal cases is that an airline is under no obligation to provide such passes. Moreover, in providing such passes, the airline has relinquished an economic opportunity to fill a seat with a paying passenger in order to accommodate the person traveling on a free pass. *See, e.g., Morris v. Northwest Airlines, Inc., supra* (employee who has accepted the benefit of free travel pass by signing a waiver of liability also has accepted the risk of negligence by the airline); *cf. Keyes v. National R.R. Passenger Corp.,* 756 F.Supp. 863 (E.D.Pa. 1991) (because they are gratuities, free passes and related conditions issued by interstate carriers are governed by federal law).

However, the determination that a free travel pass, "by the mere fact of being free," is a gratuity, is not absolute. *Cf. Norfolk Southern R.R. Co. v. Chatman*, 244 U.S. 276, 37 S.Ct. 499, 61 L.Ed. 1131 (1917) (mere designation of pass as free does not, of itself, means it is a gratuity). Although a free pass may be deemed a gratuity when an airline has issued it without any obligation to do so, if an affirmative agreement that a condition, such as free travel passes, is a part of the employee's contract, then an employee's understanding that the passes would be provided in exchange for employment can be consideration sufficient to create an obligation for the airline to provide the pass.

Under such circumstances, such travel passes are not included in the scope of federal law characterizing them as gratuities. *See Martin v. Greyhound Corp.*, 227 F.2d 501 (6th Cir.1955) (because travel pass was part of a specific written contract as a result of a union agreement, pass was not gratuity); *Braughton v. United Air Lines, Inc.*, 189 F.Supp. 137 (W.D.Mo.1960) (if a condition is agreed upon by the parties to be included as a part of a contract of employment, then such condition is enforceable).

Accordingly, if the promise to provide travel benefits is a condition of a contract of employment, then such condition is enforceable against the employer who has offered travel benefits in exchange for the employee's service.

Here, again, if the allegations of plaintiffs' complaint are assumed true, then when plaintiffs initially were hired, United made an offer of employment which expressly included the travel benefits they seek to have restored. Plaintiffs, by accepting and continuing employment even when transferred to other defendants affiliated with United, assented to the offer extended by United. Defendants, by reducing and changing the terms of the benefits, breached the contract established by the original offer and acceptance. Because plaintiffs simply seek to enforce a provision of a contract of employment, federal common law governing gratuitous travel passes does not preclude plaintiffs' claims.

* Justice SCOTT does not participate.

### III.

Assuming, as we have done, that plaintiffs' complaint otherwise states claims for relief based upon breach of contract, and in light of our determination that plaintiffs' claims, as postured here, are not preempted by federal law, we will not address their contention that they should have been allowed to amend their complaint to include federal claims.

To the extent the judgment dismissed plaintiffs' claims premised on breach of a contract implied in fact and breach of an express duty of good faith and fair dealing, it is reversed, and the cause is remanded for further proceedings on those claims consistent with this opinion. In all other respects, the judgment is affirmed.

Judge PLANK and Judge MARQUEZ concur.