STEVEN M. SHUBERT, Indiv. and on Behalf of All Other Persons and Entities Similarly Situated, Plaintiff-Appellant, v. FEDERAL EXPRESS CORPORATION, Defendant-Appellee.

First District (6th Division)    No. 1—98—1687

Opinion filed June 30, 1999.—Rehearing denied August 26, 1999.

Aron D. Robinson, of Chicago, and Ronald J. Smolow, of Trevose, Pennsylvania, for appellant.

Robert H. Riley, of Chicago, Connie Lewis Lensing, of Memphis, Tennessee, and Eliot S. Jubelirer, of San Francisco, California, for appellee.

JUSTICE ZWICK delivered the opinion of the court:

Plaintiff, Steven Shubert, instituted this class action seeking recovery of damages resulting from the imposition of an improper fuel surcharge imposed by defendant, Federal Express Corporation (Federal Express), upon certain of its commercial shipping clients, including plaintiff. The trial court granted Federal Express's motion to dismiss, which was predicated on sections 2—615 and 2—619(a)(9) of the Illinois Code of Civil Procedure (735 ILCS 5/2—615, 2—619(a)(9) (West 1996)), and upon the contention that plaintiff's claims were preempted by federal statute. Plaintiff appeals the dismissal of his complaint.

Plaintiff's complaint alleged the following facts. Federal Express is a commercial air carrier. In 1996, Federal Express adopted a new shipping contract known as the "Quick Guide" (hereinafter Service Guide) which set forth the shipping rates charged as well as the terms and conditions of its services for the period between November 1, 1996, and June 30, 1997. That Service Guide provided, for the relevant time period, as follows:

> "Federal Express reserves the right, and only by authorization of its Senior Vice President of Marketing and Corporate Communications or successor position, unilaterally, and from time to time, in writing, to modify, amend or supplement the rates, features of service, products or service conditions in the Quick Guide without notice, but no other agent or employee of Federal Express, nor any other person or party, is authorized to do so."

Further, the Service Guide provided that, "[d]ue to the potential for significant fluctuations in the market for aviation and vehicle fuel, we reserve the right to assess a fuel surcharge on shipments without notice. Any such surcharge will be applied in an equitable manner to all shipments having similar characteristics, and will be applied for such periods as we may determine necessary."

Plaintiff used Federal Express for deliveries during the month of March 1997, and plaintiff received an invoice for those shipments the

following month. That invoice included a 2% fuel surcharge in addition to the regular shipping charges. The invoice also contained a statement that the surcharge was due to "current market conditions" of the cost of fuel.

The complaint further alleged that Federal Express had not amended the Service Guide between November 1, 1996, and June 30, 1997, to assess a fuel surcharge, and receipt of the invoice in April 1997 was plaintiff's first notice that Federal Express was imposing a fuel surcharge. Federal Express assessed this surcharge despite the fact that its fuel costs had declined sharply after the Service Guide went into effect in November 1996. In addition, Federal Express did not assess a surcharge on all packages with similar characteristics. According to the complaint, during the relevant time period, some shipments were surcharged and some were not.

Based upon the above factual allegations, plaintiff claimed that the imposition of a 2% fuel surcharge constituted a breach of the commercial shipping contract entered into by the parties. Specifically, plaintiff asserted that Federal Express breached the agreement by (1) failing to amend the Service Guide between November 1996 and June 1997, (2) instituting the fuel surcharge although the "condition precedent," rising fuel prices, had not been met, and (3) failing to impose the surcharge equitably.

In its motion to dismiss, Federal Express contended that counts I and II of the complaint failed to state a cause of action, that the Service Guide had been amended prior to imposition of the surcharge, and that plaintiff's claims were preempted by the Airline Deregulation Act of 1978 (ADA) (49 U.S.C. § 41713(b)(1) (1994)). The motion to dismiss was supported by the affidavit of T. Michael Glenn, senior vice president of marketing and corporate communications for Federal Express, who asserted that he had authorized the amendment of the Service Guide to impose a 2% fuel surcharge effective February 3, 1997.

Plaintiff filed a counteraffidavit which averred that the Service Guide had not been amended during the relevant time period. Plaintiff's request for pretrial discovery, including the right to depose Glenn, was denied by the trial court. In granting the motion to dismiss with prejudice, the trial court found that Federal Express demonstrated that the Service Guide had been amended; it was unambiguous and did not require an increase in fuel prices before the surcharge could be imposed; and the plaintiff's claims were preempted by the ADA, which governs the amount, timing, and duration of a fuel surcharge.

We initially address plaintiff's claim that the trial court erred in

dismissing his complaint under section 2—615 for failure to state a valid cause of action.

■ On review of dismissal for failure to state a cause of action, a court of review must determine whether the well-pleaded allegations of the complaint, when interpreted in the light most favorable to the plaintiff, are sufficient to set forth a cause of action upon which relief can be granted. *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 8-9, 607 N.E.2d 201 (1992). Since the question of whether a complaint states a cause of action is one of law, our review of a trial court's dismissal of a complaint pursuant to section 2—615 is *de novo. Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, 619 N.E.2d 732 (1993).

Plaintiff first argues that the trial court erred in dismissing his claims for breach of contract.

■ A complaint asserting a claim for breach of contract must allege the existence of a contract, performance of all conditions to be performed by the plaintiff, breach by the defendant, and damages to plaintiff as a consequence thereof. *Sutherland v. Illinois Bell*, 254 Ill. App. 3d 983, 993, 627 N.E.2d 145 (1993); *Berg & Associates, Inc. v. Nelsen Steel & Wire Co.*, 221 Ill. App. 3d 526, 534, 580 N.E.2d 1198 (1991); *Perlman v. Westin Hotel Co.*, 154 Ill. App. 3d 346, 353, 506 N.E.2d 1318 (1987).

Plaintiff's complaint alleged that the parties had agreed to be bound by the Service Guide which was in effect from November 1, 1996, through June 30, 1997. The language contained in that contract required that amendment or modification of the Service Guide be in writing and that Federal Express had the right to assess, and to apply in an equitable manner, a fuel surcharge due to the potential for significant fluctuations in the market for fuel. Plaintiff asserted that Federal Express had breached this agreement by (1) failing to amend the Service Guide between November 1996 and June 1997, (2) instituting the fuel surcharge although the "condition precedent," rising fuel prices, had not been met, and (3) failing to impose the surcharge equitably.

■ We find these specific and factual allegations were sufficient to properly state a cause of action for breach of contract. In addition, the trial court's ruling rendered the prefatory language in the fuel surcharge provision meaningless. It is well established that a contract should be given a fair and reasonable construction based upon a consideration of all of its language and provisions. *United Airlines, Inc. v. City of Chicago*, 116 Ill. 2d 311, 318, 507 N.E.2d 858 (1987). We hold that the trial court erred in ruling that Federal Express was not obligated to satisfy the "condition precedent" which required an

increase in fuel prices before the surcharge could be imposed. Accordingly, the dismissal of plaintiff's breach of contract claims for failure to state a valid cause of action was improper and is reversed.

■ We also find that the court erred in dismissing plaintiff's complaint under section 2—619(a)(9), based upon the affidavit of Glenn. Plaintiff filed a counteraffidavit which affirmatively asserted that the Service Guide had not been amended in writing as required by the Service Guide. At best, Glenn's affidavit created a disputed question of fact, precluding dismissal under section 2—619(a)(9). See *Becker v. Zellner*, 292 Ill. App. 3d 116, 121-22, 684 N.E.2d 1378 (1997).

■ Finally, we address plaintiff's contention that the trial court erred in finding that plaintiff's claims were preempted by the ADA.

The United States Supreme Court has specifically held that contract claims based upon the written undertaking of an air carrier are *not* preempted, even where they relate to rates or service. See *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 130 L. Ed. 2d 715, 115 S. Ct. 817 (1995). This holding has been consistently applied where the plaintiff does not allege a violation of a state-imposed obligation, but instead asserts that the carrier breached a self-imposed contractual undertaking. In such circumstances, the terms and conditions in the contract are "privately ordered obligations" which do not constitute a state's enactment or enforcement of a law. Therefore, the plaintiff's claim for compensatory relief based upon a breach of contract is not preempted by the ADA. See *Travel All Over The World, Inc. v. Kingdom of Saudia Arabia*, 73 F.3d 1423, 1432 (7th Cir. 1996); *Johnson v. American Airlines, Inc.*, 278 Ill. App. 3d 624, 627, 663 N.E.2d 54 (1996).

Here, plaintiff's allegations clearly consist of claims that Federal Express breached its self-imposed contractual undertaking and do not assert violations of a state-imposed obligation. As such, these allegations sought recovery for "privately ordered obligations" and were not preempted by the ADA. Thus, dismissal of plaintiff's complaint on this ground was improper.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

BUCKLEY and QUINN, JJ., concur.