[No. 44441-7-I.    Division One.    March 6, 2000.]

LEMBHARD G. HOWELL, ET AL., *Appellants*, v. ALASKA
AIRLINES, INC., *Respondent*.

*Lembhard G. Howell*, for appellants.

*Parker C. Folse III* and *Lauren J. Kares*, for respondent.

GROSSE, J. — Claims of airline passengers seeking a refund of unused, and explicitly nonrefundable, tickets on the grounds of impossibility of performance, frustration of purpose, illusory promises, procedural and substantive unconscionability, breach of the duty of good faith and fair dealing, and unjust enrichment, are preempted under the Airline Deregulation Act of 1978 (ADA).[1] The order dismissing the appellants' complaint with prejudice is affirmed.

## FACTS

The appellants each purchased tickets for air transportation from Alaska Airlines, Inc. (Alaska). It is undisputed that each ticket purchased was nonrefundable. The appellants, for various reasons, were unable to use the tickets they had purchased.[2] In each instance, Alaska refused the appellants' requests for refunds of the purchase price of their tickets.

---

[1] 49 U.S.C. § 41713(b)(1) (1994).

[2] For example, appellant Howell, an attorney, had purchased a nonrefundable ticket for round-trip air transportation on Alaska between Seattle and Fairbanks, Alaska, to attend a trial in which a client was a party. The client settled her case and the trial was canceled, so Howell no longer needed transportation to Fairbanks. Howell also purchased a nonrefundable ticket on behalf of his wife for round-trip air transportation on Alaska between Seattle and Spokane. His wife became ill and was unable to travel on the date scheduled. Appellant Tiernan purchased two nonrefundable tickets for round-trip air transportation on Alaska between Seattle and Los Angeles. The tickets were for use by Tiernan's daughter who attended boarding school in Los Angeles. The daughter was expelled from boarding school before the scheduled travel dates and had no use for the tickets when the travel dates arrived. The remaining named appellants were similarly unable to use their nonrefundable tickets for air transportation on Alaska for a variety of reasons.

Appellant Howell filed an action in King County Superior Court against Alaska on behalf of himself and a class of persons who purchased nonrefundable airline tickets from Alaska and were refused refunds when they were unable to travel as planned. Howell alleged that the ticket contracts were void on the ground of frustration of purpose, impossibility of performance, illusory promises, substantive and procedural unconscionability, breach of the duty of good faith and fair dealing, and unjust enrichment. He also claimed that by refusing refunds Alaska violated the Consumer Protection Act.[3]

Alaska removed the action to federal court. The federal court, finding no subject matter jurisdiction, remanded the matter to state court. Howell filed an amended complaint, joining the other named appellants, and dropping the Consumer Protection Act claim.[4] Alaska filed a motion to dismiss pursuant to CR 12(b)(6), asserting three grounds for dismissal: the appellants' claims are preempted by the preemption provision of the ADA;[5] the appellants' claims are barred by the applicable statute of limitations; and the appellants' complaint fails to state a claim upon which relief can be granted, even if the claims are not preempted. The trial court granted the motion and dismissed the complaint with prejudice.

## DISCUSSION

■ ■ We review the dismissal of a claim under CR 12(b)(6) de novo.[6] We accept as true the allegations in the complaint and the reasonable inferences that may be drawn therefrom.[7] Dismissal is appropriate only if it appears be-

---

[3]RCW 19.86.

[4]Although the action purports to be a class action, no class has yet been certified.

[5]49 U.S.C. § 41713(b)(1) (1994).

[6]*Reid v. Pierce County*, 136 Wn.2d 195, 200-01, 961 P.2d 333 (1998).

[7]*Id.* at 201.

yond a reasonable doubt that no facts exist to justify recovery.[8]

By enacting the ADA, Congress deregulated domestic air transportation. The ADA includes a preemption provision designed "[t]o ensure that the States would not undo federal deregulation with regulation of their own[.]"[9] The preemption provision states that, except under circumstances not relevant here, "a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under [the ADA]."[10]

The United States Supreme Court has construed a predecessor preemption provision in the ADA on two occasions.[11] In the first opinion, *Morales v. Trans World Airlines, Inc.*,[12] the Court concluded that the words "relating to"[13] as used in the provision express a broad preemptive purpose.[14] In construing the breadth of the preemption, the Court adopted the same standard used to interpret the similarly worded preemption provision in the Employee Retirement Income Security Act of 1974.[15] That is, the ADA's preemption provision preempts "State enforcement actions having a connection with, or reference to,

---

[8]*Id.*

[9]*Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378, 112 S. Ct. 2031, 119 L. Ed. 2d 157 (1992)

[10]49 U.S.C. § 41713(b)(1).

[11]The predecessor provision prohibited states from enacting or enforcing "any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier[.]" Former 49 U.S.C. § 1305(a)(1). When it reenacted the preemption provision as 49 U.S.C. § 41713(b)(1), Congress intended to make no substantive change. *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 222-23 & n.1, 115 S. Ct. 817, 130 L. Ed. 2d 715 (1995) (citing Pub. L. 103-272, § 1(a), 108 Stat. 745).

[12]504 U.S. 374, 112 S. Ct. 2031, 119 L. Ed. 2d 157 (1992).

[13]The corresponding words in the current statute are "related to."

[14]*Morales*, 504 U.S. at 383.

[15]29 U.S.C. § 1144(a).

airline 'rates, routes, or services[.]' "[16] Thus, the Court held that state actions based on consumer protection laws, seeking to stop allegedly deceptive airline fare advertisements, were preempted by the ADA.

The Court again addressed the ADA preemption provision in *American Airlines, Inc. v. Wolens*.[17] That case involved a suit by members of the airline's frequent flyer program challenging the airline's retroactive changes in the terms and conditions of the program. The Court drew a distinction between actions seeking to enforce an airline's self-imposed obligations and actions seeking to enlarge or otherwise change the parties' bargain through application of state laws or policies external to the agreement. With respect to the former, the Court held that the ADA did not preempt suits seeking recovery solely for an airline's alleged breach of its own self-imposed undertakings, because "[a] remedy confined to a contract's terms simply holds parties to their agreements[.]"[18] But, the Court held, the ADA's preemption provision stops states from imposing their own substantive standards with respect to an airline's rates, routes, or services.[19] The Court stated: "This distinction between what the State dictates and what the airline itself undertakes confines courts, in breach-of-contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement."[20] Read in conjunction with the ADA's savings clause,[21] the preemption provision "stops States from imposing their own substantive standards with respect to rates, routes, or services, but not from affording relief to a party who claims and proves that an airline dishonored a

---

[16]*Morales*, 504 U.S. at 384 (quoting former 49 U.S.C. § 1305(a)(1)).

[17]513 U.S. 219, 115 S. Ct. 817, 130 L. Ed. 2d 715 (1995).

[18]*Id.* at 229.

[19]*Id.* at 232-33.

[20]*Id.* at 233 (footnote omitted).

[21]"A remedy under [the ADA] is in addition to any other remedies provided by law." 49 U.S.C. § 40120(c) (1994).

term the airline itself stipulated."[22] Accordingly, the Court held that the plaintiffs' action was not preempted because the terms and conditions an airline offers and its passengers accepts, such as the terms and conditions of a frequent flyer program, are privately ordered obligations.

Under the ADA's preemption provision, and the Supreme Court's interpretation of it, courts have held various matters preempted. For example, a court held that a state law regulating the circumstances under which employers may require airline workers to submit to drug testing was preempted.[23] An action challenging, on state statutory and common law grounds, an airline's refusal to allow the plaintiff to advertise and sell to the general public tickets at discounted prices for flights on the airline was held preempted by the ADA. The court determined that resolution of the plaintiff's claims could potentially and improperly cause the rates for airline tickets in the state in which the action was brought to differ from those available in other states.[24] A passenger's claim that the airline breached its contractual obligation to transport him to his destination, arising out of the airline's refusal to allow him to board a flight after a layover due to the airline's failure to ask for photo identification at the point of original departure, was held preempted because boarding procedures are "services" under the ADA and the airline's action was justified by government security directives. The court concluded that, because the airline's defenses were provided by federal law, the passenger's contract claim could be adjudicated only by reference to law and policies external to the parties' bargain and was therefore preempted by the ADA.[25] By contrast, a plaintiff's breach of contract claim against an airline, arising out of the airline's failure to transport the plaintiff's brother, was held not preempted

---

[22]*Wolens*, 513 U.S. at 232-33.

[23]*French v. Pan Am Express, Inc.*, 869 F.2d 1 (1st Cir. 1989).

[24]*Illinois Corporate Travel, Inc. v. American Airlines, Inc.*, 682 F. Supp. 378 (N.D. Ill. 1988), *aff'd*, 889 F.2d 751 (7th Cir. 1989).

[25]*Smith v. Comair, Inc.*, 134 F.3d 254 (4th Cir. 1998).

because the claim did not involve any enlargement or enhancement of the parties' bargain based on state laws or policies external to the agreement.[26]

In *Blackner v. Continental Airlines, Inc.*,[27] the plaintiff challenged the airline's policy of imposing a $60 surcharge for a lost ticket. The contract between the plaintiff and the airline explicitly authorized the surcharge. The court determined that the plaintiff was not seeking to enforce the contract, but was rather seeking to overturn it on the ground that the surcharge was barred by state law. This, the court determined, was precisely what the Supreme Court rejected in *Wolens* and *Morales*.[28] The court held that the claim was preempted because it sought to enlarge or enhance the parties' agreement based on state laws or policies external to the agreement that, according to the plaintiff, invalidated the surcharge provision.[29]

Similarly, in *Statland v. American Airlines, Inc.*,[30] the court held that a passenger's challenge to the airline's 10 percent cancellation policy, on grounds of breach of fiduciary duty, violation of the state's consumer protection statute, conversion, and breach of contract, was preempted. The court concluded that canceled ticket refunds relate to price, and accordingly held that the ADA prohibits states from regulating an airline's ticket refund practices either by common law or by statute.[31]

Based on the foregoing, we conclude that the appellants' challenge to Alaska's refusal to refund the price of a nonrefundable ticket is preempted by the ADA. As in *Blackner*, the contract between Alaska and each of the appellants

[26]*Chukwu v. Board of Dirs. Varig Airline*, 880 F. Supp. 891 (D. Mass. 1995).

[27]*Blackner v. Continental Airlines, Inc.*, 311 N.J. Super. 10, 709 A.2d 258 (1998), *cert. denied*, 525 U.S. 1142, 119 S. Ct. 1034, 143 L. Ed. 2d 42 (1999).

[28]*Id.* 709 A.2d at 260.

[29]*Id.*

[30]*Statland v. American Airlines, Inc.*, 998 F.2d 539 (7th Cir. 1993).

[31]*Id.* at 542.

authorized the airline to take the action now challenged—here, the refusal to refund the purchase price of the ticket. In their complaint, the appellants do not seek to enforce the contract according to its terms. Rather, they seek to have this action declared unlawful by application of state laws and policies external to the parties' agreement. In other words, the appellants are attempting to enlarge or enhance their agreements with Alaska based on the laws or policies of this state that are external to the agreements. Under the ADA, particularly as construed by the Supreme Court in *Wolens*, the appellants' claims are preempted. Thus, the trial court was correct in dismissing the appellants' amended complaint with prejudice. Accordingly, we affirm the trial court.

AGID, A.C.J., and COLEMAN, J., concur.

Review denied at 141 Wn.2d 1014 (2000).