**THE BOON INSURANCE AGENCY, INC., Individually and on Behalf of All Others Similarly Situated, Appellant,**

v.

**AMERICAN AIRLINES, INC.; Continental Airlines, Inc.; Delta Airlines, Inc.; and America West Airlines, Inc., Appellees.**

No. 03–99–00089–CV.

Court of Appeals of Texas,
Austin.

March 30, 2000.

Rehearing Overruled May 25, 2000.

**54**

J. Bruce Bennett, Baskin, Bennett & Komkov, L.L.P., Austin, Leonard B. Simon, Milberg, Weiss, Bershad, Hynes & Lerach, San Diego, CA, for Appellant.

Steve McConnico, Scott, Douglass & McConnico, L.L.P., Austin, for Appellees.

Before Justices B.A. SMITH, YEAKEL and PATTERSON.

LEE YEAKEL, Justice.

Appellant The Boon Insurance Agency, Inc. ("Boon") appeals the district court's summary judgment in favor of appellees, American Airlines, Inc.; Continental Airlines, Inc.; Delta Airlines, Inc.; and America West Airlines, Inc. (collectively, the "Airlines"). Their dispute arises from certain restrictions on economy-class airline tickets that Boon purchased from the Airlines. Boon brought a class-action suit[1] against the Airlines in district court charging that a reissue fee and other penalties imposed by the Airlines when a holder of an economy-class ticket fails to travel according to the ticket's original terms constitute illegal forfeitures and penalties prohibited by state law. The Airlines moved for summary judgment on the sole ground that Boon's claim is preempted by section 41713(b)(1) of the Airline Deregulation Act of 1978 (the "Act").[2] The district court granted the Airlines' motion. Boon complains on appeal that: (1) the district court erred in requiring Boon to prove its claims were not preempted by the Act; (2) summary judgment was improper because (a) the Act does not preempt claims that involve common law breach-of-contract claims, and (b) genuine issues of material fact exist; and (3) the district court erred by denying Boon's discovery request. Because we find that the district court did not misplace the burden of proof, federal law preempts Boon's claim, there are no genuine issues of material fact, and Boon's discovery request was not improperly denied, we will affirm the district court's summary judgment.

## BACKGROUND

The Airlines stipulated that for the purpose of summary judgment, the facts in Boon's first-amended class-action petition

---

1. See Tex.R. Civ. P. 42.

2. Congress enacted the Act in 1978. See Airline Deregulation Act of 1978, Pub.L. No. 95–504, 92 Stat. 1705 (1978). The Act contained a preemption clause that read in relevant part: "[N]o State ... shall enact or enforce any law, rule, regulation, standard or other provision having the force and effect of law relating to rates, routes, or services of any air carrier...." Pub.L. No. 95–504, § 4(a), 92 Stat. 1705, 1707–08 (1978) (codified at 49 U.S.C.App. § 1305(a)(1)) (amended and recodified 1994). Congress recodified and revised many transportation laws, including the Act, in 1994 and revised the preemption clause to read: "[A] State ... may not enforce a law, regulation, or other provision having the force and effect of law related to a price, route or service of an air carrier...." Act of July 5, 1994, Pub.L. No. 103–272, § 1(a), 108 Stat. 745, 1143 (1994) (codified at 49 U.S.C.A. § 41713(b)(1) (West Supp.1999)). Congress intended no substantive change by its 1994 revisions. See id. at 745.

are true. Our facts, therefore, are taken from the pleadings before the district court.

Between 1996 and 1997, Boon purchased economy-class airline tickets from each of the Airlines. A ticket constitutes a "contract of carriage" between the passenger and the airline, whereby the airline agrees to provide transportation between certain locations on specific dates in return for the purchase price of the ticket and the passenger's agreeing to travel according to the ticket's terms. An economy-class ticket is available for a lower price because it is subject to conditions that a full-price, fully refundable ticket is not, including fees associated with changing the terms of travel.[3]

If a passenger with an economy-class ticket does not fly as ticketed and wishes to rebook a flight, the passenger may apply the original fare toward a new ticket for travel within a specified period of time. However, the passenger must also pay a "reissue fee" ranging from fifty to seventy-five dollars. If the original ticket is not used or reissued, the passenger forfeits the entire fare. At issue in this case is the potential forfeiture of the full ticket price and the reissue fee imposed upon a passenger who fails to travel according to the ticket's terms. Boon claims that the reissue fee and the retention of the fare amount to illegal forfeitures and penalties and as such are unenforceable under Texas law. *See Phillips v. Phillips*, 820 S.W.2d 785, 789 (Tex.1991).

The Airlines moved for summary judgment on the ground that Boon's claims were preempted by the Act, which specifically prohibits a State from enforcing a law or regulation that relates to the price, route, or service of an air carrier. *See* Act § 41713(b)(1). The district court granted the Airlines' motion, implicitly finding that Boon's claim was related to the Airlines'

prices and therefore preempted by the Act.

## DISCUSSION

Boon appeals from a summary judgment in favor of the Airlines. The propriety of summary judgment is a question of law, and we review the trial court's decision *de novo*. *See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994). The standards for reviewing a motion for summary judgment are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The function of summary judgment is not to deprive litigants of the right to trial by jury but to eliminate patently unmeritorious claims and defenses. *See Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex.1972).

### Burden

The burden of demonstrating preemption is on the party who asserts it. *See Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 255, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984). By its second issue, Boon argues that the preemption burden and therefore the summary-judgment burden was that of the Airlines, and the district court erred by improperly shifting these burdens to Boon. Boon's argument is based solely on a statement in a brief filed by the Airlines in the district court that stated that Boon had "a difficult burden" in demonstrating that its claims were not related to the price, route, or service of the

---

**3.** As described in Boon's pleadings to the district court, "Economy-class tickets are subject to travel restrictions which customarily require: a) tickets to be purchased a specified number of days prior to departure; b) travel be completed by a specified deadline; c) minimum and maximum stay requirements; and, d) seat and flight limitations."

air carrier, and that it had "not met this burden." To the extent that this statement urged the district court to place the burden on Boon, it is an incorrect statement of the law.

Boon correctly states that to prevail on their summary-judgment motion, the Airlines were required to prove that Boon's claims were preempted by the Act. *See id.* Stated another way, we must address whether the Airlines established as a matter of law that section 41713(b)(1) of the Act preempts the claims asserted in Boon's suit. *See State v. Foley,* 950 S.W.2d 781, 784 (Tex.App.—Austin 1997, no writ). However, we find no evidence in the record that the district court misplaced the Airlines' burden. The district court's judgment states simply, "The Court, after examining the pleadings and the summary judgment evidence and hearing the arguments of counsel, determines that [the Airlines] are entitled to summary judgment on all of the claims raised by [Boon] in this lawsuit." The Airlines' arguably incorrect statement in their district-court brief in no way demonstrates an improper action by the district court. We therefore overrule Boon's second issue.

### Preemption

 In 1978, Congress enacted the Act, which largely deregulated domestic air transport. *See American Airlines, Inc. v. Wolens,* 513 U.S. 219, 222, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995). At the heart of the dispute before us is the Act's preemption clause. Congress intended that the Act preempt state law "to ensure that the States would not undo federal deregulation with regulation of their own." *Mor-*

ales v. Trans World Airlines, Inc., 504 U.S. 374, 378, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). The preemption clause states, in relevant part, "A State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to price, route, or service of an air carrier...." Act § 41713(b)(1).[4]

In *Morales,* the United States Supreme Court considered Travel Industry Enforcement Guidelines, promulgated by the National Association of Attorneys General ("NAAG"). *See* 504 U.S. at 374, 112 S.Ct. 2031. The NAAG guidelines purported to govern, *inter alia,* the content and format of airline-fare advertising. *See id.* at 393–418, 112 S.Ct. 2031. Several states, including Texas, attempted to enforce the NAAG guidelines to stop allegedly deceptive airline advertisements. *See id.* at 379, 112 S.Ct. 2031. To determine whether the guidelines were preempted by the Act, the Court was initially faced with delineating the ordinary meaning of the term "related to." *See id.* at 383, 112 S.Ct. 2031. The Court adopted the same meaning found in other preemption statutes: "having a connection with, or reference to, airline 'rates, routes, or services.'" *Id.* at 384, 112 S.Ct. 2031.[5] The "related to" language was intended to be broad in order to express an expansive preemptive purpose. *See id.* at 383, 112 S.Ct. 2031. The Court concluded that the states' initiative related to airline rates, routes, or services and therefore found that the fare-advertising provisions of the NAAG guidelines were preempted by the Act. *See id.* at 391, 112 S.Ct. 2031. The Court also noted that the Act does not

---

4. *See supra* note 2. We cite the current code here for convenience.

5. Specifically, the Court referred to similar "related to" language in the preemption clause of the Employee Retirement Income Security Act of 1974 (ERISA). *See Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 383, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). Boon argues that since the "relates to" language of ERISA has been more narrowly construed in recent opinions, *see California Div. of Labor Standards Enforcement v. Dillingham*

*Constr., N.A.,* 519 U.S. 316, 323, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997); *Hinterlong v. S.P Baldwin,* 308 Ill.App.3d 441, 241 Ill.Dec. 860, 720 N.E.2d 315, 320 (1999), the Act language should likewise be more narrowly interpreted. We will adhere to the Supreme Court's discussion of the Act's preemption clause and will not extrapolate the later ERISA cases into speculation that the Supreme Court's holdings in *Morales* and *Wolens* would be different today.

preempt all enforcement of state law against airlines. The Court recognized that some state actions might affect airlines in " 'too tenuous, remote, or peripheral a manner' to have pre-emptive effect" but noted that the case before it did not present a "borderline question" and expressed no view about where it would be appropriate "to draw the line." *Id.* at 390, 112 S.Ct. 2031 (quoting *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)).

*Wolens* involved a dispute between American Airlines and persons participating in its frequent-flyer program. *See* 513 U.S. at 222, 115 S.Ct. 817. Individuals enrolled in the program earned mileage credits when they flew American and could exchange those credits for tickets on subsequent flights or upgrades to a higher class of service. *See id.* at 224, 115 S.Ct. 817. Although American had reserved the right to change the terms and conditions of the program, when the airline changed the program, suit was filed challenging the retroactive application of the modifications. *See id.* at 225, 115 S.Ct. 817. The program's participants claimed that American's actions violated the Illinois Consumer Fraud and Deceptive Business Practices Act and constituted a breach of contract. *See id.*

The Supreme Court held that while the enforcement of the Illinois Act was preempted by the Act, the passengers' breach-of-contract claim was not so preempted. *See id.* at 228, 115 S.Ct. 817. The terms and conditions the airlines offered and the passengers accepted were privately ordered obligations and did not amount to a state's enactment or enforcement of any law, rule, regulation, standard, or other provision having the effect of law within the meaning of the Act. *See id.* at 229, 115 S.Ct. 817. The Court found that the Act does not prohibit state-court adjudication of routine breach-of-contract claims, so long as the court confines its decision to the parties' bargain, with no enlargement or enhancement based on

state law or policies external to the agreement. *See id.* at 232, 115 S.Ct. 817. The Court also noted that since contract law is not at its core "diverse, nonuniform, and confusing" but is similar from jurisdiction to jurisdiction, it is unlikely that there will be a "large risk of nonuniform adjudication" of what constitutes the "agreement" of the parties to a contract. *See id.* at 826, 115 S.Ct. 817.

The Texas Supreme Court discussed *Wolens* and *Morales* in *Continental Airlines, Inc. v. Kiefer,* 920 S.W.2d 274, 278–84 (Tex.1996). *Kiefer* found that not only do common law breach-of-contract claims fall outside the scope of the Act's preemption, but so do common law negligence claims. *See* 920 S.W.2d at 278–84. With respect to breach-of-contract claims, *Kiefer* adhered to the reasoning in *Wolens,* observing that the Act will prevent states from imposing their own substantive standards with respect to rates, routes, or services but will not stop states from affording relief to a party who claims and proves that an airline dishonored a term to which the airline itself agreed. *See id.* at 280. The court reiterated the language of *Wolens,* stating that in breach-of-contract claims, courts are confined to the parties' bargain. *See id.* The *Kiefer* court concluded that the Supreme Court of the United States has placed a "very strict limitation on permissible contract claims." *See id.* at 281.

In this framework, we examine Boon's claim to determine whether it is preempted by the Act. If the claim relates to the "price, route, or service of an air carrier," it is preempted. Boon argues that its claim is not related to price, since state actions that have a tenuous, remote, or peripheral effect on air fares are not preempted. *See Morales,* 504 U.S. at 390, 112 S.Ct. 2031. While Boon also points out that the Act's "related to" language should not be stretched to indeterminacy or "for all practical purposes preemption

would never run its course,"[6] it is clear from *Morales, Wolens,* and *Kiefer* that although the "related to" language is broad, it is not overly so and is meant to encompass claims like Boon's. This Court, has recently recognized that by the Act, Congress sought to ensure effective airline deregulation by enacting "a very broad and sweeping preemption to eliminate the possibility of any conflicting state regulation." *City Public Serv. Bd. v. Public Util. Comm'n,* 9 S.W.3d 868, 876–77 (Tex. App.—Austin 2000, pet. filed).[7] We hold that Boon's claim is "related to a price ... of an air carrier" and is thus within the Act's preemption.[8]

■ Boon maintains that *Kiefer* allows any contract-related action under the Act if there is little risk of nonuniform adjudication among the states. The *Kiefer* court examined *Wolens,* emphasizing that since contract law is uniform, enforcing contracts is unlikely to lead to nonuniform adjudication of contract claims based upon state law. *See Kiefer,* 920 S.W.2d at 280 (citing *Wolens,* 513 U.S. at 233 n. 8, 115 S.Ct. 817). Boon reads *Kiefer* and *Wolens* incorrectly. Neither *Kiefer* nor *Wolens* hold that *every* contract-related claim may be brought; only breach-of-contract claims concerning the terms of the parties' agreement may be adjudicated in state court since contract law is not at its core diverse, nonuniform, or confusing. *See Wolens,* 513 U.S. at 233 n. 8, 115 S.Ct. 817; *Kiefer,* 920 S.W.2d at 280. The *Wolens* court specifically noted that it saw no significant risk of state-to-state nonuniform adjudication of standard airline-prepared agreements. *See Wolens,* 513 U.S. at 233 n. 8, 115 S.Ct. 817. *Kiefer* does not, and in the

face of the Act could not, expand the scope of contract claims that may be brought before state courts.

■ Boon argues that under *Kiefer* and *Wolens,* its breach-of-contract claim is not preempted by the Act. It reminds this Court that although the Act is broad, it is not boundless. *See Kiefer,* 920 S.W.2d at 279. We agree that common law breach-of-contract and negligence claims are not preempted by the statute, but Boon has not brought such a claim.

■ "A claim for a breach of contract requires proof that (1) a binding contract existed; (2) defendants breached the contract; and (3) plaintiffs suffered damages caused by the defendants' alleged breach." *East Tex. Med. Center Cancer Inst. v. Anderson,* 991 S.W.2d 55, 62 (Tex. App—Tyler 1998, pet. denied); *Ryan v. Superior Oil Co.,* 813 S.W.2d 594, 596 (Tex.App.—Houston [14th Dist.] 1991, writ denied).

■ It is undisputed that in each instance of an economy-class ticket purchase by Boon a binding contract, a contract of carriage, was created between Boon and the airline. Each contract included the authorization of a surcharge if the ticket was changed. Boon does not look to enforce the contract as written but instead seeks to modify the terms of the contract itself by relying on state law. This Court "is confined, in breach of contract actions, to the parties' bargain, with no enlargement or enhancement based on state law or policies external to the agreement." *Wolens,* 513 U.S. at 223, 115 S.Ct. 817. If we were to adjudicate Boon's claim, we would be applying state policy

---

6. *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 655, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995).

7. In *City Public Service Board* we contrasted the Act's broad preemption with the relatively limited preemption of the Texas Public Utility Regulatory Act. *See City Public Serv. Bd. v. Public Util. Comm'n,* 9 S.W.3d 868, 876–77 (Tex.App.—Austin 2000, pet. filed).

8. Other state courts have found similar claims also preempted by the Act. *See Leonard v. Northwest Airlines, Inc.,* 605 N.W.2d 425, 431–32 (Minn.Ct.App.2000); *Blackner v. Continental Airlines, Inc.,* 311 N.J.Super. 10, 709 A.2d 258, 260 (App.Div.1998), *cert. denied,* 525 U.S. 1142, 119 S.Ct. 1034, 143 L.Ed.2d 42 (1999).

and law to determine the propriety of the reissue fee. Such application of state law is preempted by the Act. *See id.* at 222, 115 S.Ct. 817. Boon's assertion of its claim as one of breach of contract is an attempt to avoid the preemption clause and defeat the Act's intent. Boon does not seek the benefit of its bargain, which calls for a reissue fee, but rather seeks to invalidate its bargain by having this Court declare that the reissue fee is a penalty clause. The Act prevents us from doing so. To the extent that Boon complains that its claims are not preempted by the Act, its first issue is overruled.[9]

### Genuine Issue of Material Fact

■ Boon's first issue also asserts that by providing uncontroverted expert testimony demonstrating that reissue fees bear no relation to ticket prices and that all states outlaw penalty clauses, Boon has raised genuine issues of material fact. To support its claim, Boon relies on the affidavits of David O. Stamey, a former vice-president of Continental Airlines, and Joseph M. Perillo, a law professor.

■ As a general rule, summary judgment is improper where an expert's uncontroverted testimony supports the nonmoving party's case. *See Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991). Although both Stamey's and Perillo's affidavits are uncontroverted, they do not support Boon's proposition that its claim escapes preemption. "[C]ourts are charged with interpreting deregulation statutes to determine whether Congress intended to preempt whatever state action is offensive to the plaintiff in a given case." *Foley,* 950 S.W.2d at 786 (citing *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 653–54, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995); *Morales,* 504

U.S. at 383, 112 S.Ct. 2031). We therefore determine the existence of federal preemption as a matter of law. *See id.* at 784.

Stamey's affidavit states that the reissue fee is unrelated to airline ticket prices since it does not fluctuate or change according to the ticket price. In other words, the reissue fee is constant and has no relation to the actual price of the ticket. Boon argues therefore it should be able to bring its claim. However, even if the reissue fee remains constant, it has the effect of raising the price of the ticket. Boon's claim relates to that price, *i.e.,* the Airlines' charges for an economy-class ticket. Although that price changed when Boon changed its travel itinerary, Boon's claim remains related to price. *See Wolens,* 513 U.S. at 226, 115 S.Ct. 817 (finding that plaintiff's claim involving frequent-filer miles relates to airline's charges in form of mileage credits for free tickets and upgrades).

Perillo's affidavit states that all jurisdictions in the United States hold that penalty clauses are illegal and void. As such, if the reissue fee were deemed a penalty, it would be illegal in any of the states. Boon argues therefore that adjudication of its claim would not involve any application of state law or policy. Although the states may be uniform in their penalty-clause jurisprudence, it does not follow that Boon's claims can be adjudicated without applying state law or policy to the Airlines' economy-class ticket prices.

We overrule the remainder of Boon's first issue.

### Discovery

■ By its third issue, Boon contends that the district court committed error when he declined "repeated" requests for pretrial discovery. Boon argues that the discovery was needed to determine wheth-

9. Boon contends that if this Court finds that the Act preempts its claim, then it will have no forum in which to seek relief. However, the Department of Transportation retains the authority to investigate unfair and deceptive practices and unfair methods of competition by airlines. *See American Airlines, Inc. v. Wolens,* 513 U.S. 219, 227 n. 4, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995).

er the "defendant's fare forfeitures and reissue penalties 'relate to' their prices, routes or services." Specifically, Boon requested information on the development, implementation, and calculation of the reissue fees; the actual costs of the itinerary changes for which the reissue fees were assessed; and the total revenue generated from these fees.

■ The record reflects that the district court quashed one motion for oral deposition. We review the trial court's actions allowing or denying discovery for an abuse of discretion. *See TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex.1991). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985). This Court may not reverse for abuse of discretion merely because we disagree with the decision of the trial court. *See Downer,* 701 S.W.2d at 242.

Here, the district court did not improperly deny Boon's request for discovery. The information Boon sought would not have precluded summary judgment. As such, the denial of the discovery request by the district court in no way prevented Boon from obtaining evidence that would have allowed it to defeat summary judgment. The district court did not abuse his discretion, and therefore, we overrule Boon's third issue.

## CONCLUSION

Having overruled all of Boon's issues, we affirm the district court's judgment.